L. R. BAIRD, as Receiver of the First Farmers Bank of Minot, a Corporation, Appellant, v. ALBERT ABRAHAM, Respondent.

(213 N. W. 733.)

**Appeal and error — on appeal in court case, burden on appellant.**
    1. On appeal to the supreme court from a judgment rendered in an action properly triable by a jury but tried to the court without a jury, the findings of the trial court are presumed to be correct and the appellant has the burden of showing that the findings are without support in, or contrary to the preponderance of, the evidence.

**Bills and notes — findings of trial court — no consideration — sustained.**
    2. In the instant case it is held that the findings of the trial court to the effect that a promissory note was without consideration has substantial support in the evidence.

Opinion filed April 27, 1927.

Appeal and Error, 4 C. J. § 2722 p. 775 n. 26; § 2727 p. 777 n. 60, 61; § 2853 p. 880 n. 97. Bills and Notes, 8 C. J. § 1359 p. 1048 n. 21.

From a judgment of the District Court of Ward County, *Burr,* Sp. J., plaintiff appeals.

Affirmed.

*Dickinson & Johnson, L. J. Palda, Jr., C. E. Brace,* and *Robert W. Palda,* for appellant.

Annotation.—(1) Presumption as to correctness of findings of trial court on appeal, see 2 R. C. L. 203; 1 R. C. L. Supp. 441; 4 R. C. L. Supp. 91; 5 R. C. L. Supp. 81; 6 R. C. L. Supp. 75.

A subscriber cannot rescind his subscription for fraud, either in equity or at law, if he has been guilty of laches, either in repudiating his subscription after discovery of the fraud, or in discovering the fraud, and especially is this limitation upon the right to rescind imposed where the rights of creditors are involved. Fletcher, Cyc. Corp. § 634.

The waiver is conclusive of appellants' liability, upon the note, whether the bank was a holder in due course or not. Howe Sav. Bank v. Heizer (Iowa) 205 N. W. 467.

When a negotiable note is given in payment for a subscription for stock, and the subscription is afterwards rescinded for fraud, the note cannot be avoided in the hands of a bona fide purchaser for value. But it may be avoided in the hands of one who was not a purchaser for value, or who purchased a note with notice of the fraud. Fletcher, Cyc. Corp. p. 1410.

As a general rule, a statement to constitute a fraudulent representation, must be a representation of fact, and not a mere expression of opinion, belief or prediction. Fletcher, Cyc. Corp. p. 1359, § 618.

*Sinkler & Brekke,* for respondent.

Contracts made for the benefit of another but without his privity or direction may be rejected or affirmed at his election, but by making the election to affirm it, he adopts the agency altogether, as well, that which is detrimental, as that which is for his benefit.

Every species of fraud, misrepresentation, or concealment therefore, in the agent affects the principal's right to recover. Paley, Agency, 324. See also First Nat. Bank v. Flath, 10 N. D. 285, 86 N. W. 867; 1 Morse, Banks & Banking, ¶ 75; Union Nat. Bank v. Matthews, 98 U. S. 621, 25 L. ed. 188.

In order to constitute an equitable estoppel by silence or acquiescence, it must appear that the facts were known to the party against whom the estoppel is urged.. 19 Am. Dig. Century ed. 2074.

CHRISTIANSON, J. This is an action brought by L. R. Baird, as receiver of the First Farmers Bank of Minot, to recover upon a certain promissory note, in the sum of $450, dated August 16, 1919, executed by the defendant, Albert Abraham and his wife, and payable to the order of the First Farmers Bank of Minot. The complaint alleges

the corporate existence of the First Farmers Bank of Minot and the appointment of Baird as receiver thereof. It further alleges the execution and delivery of the aforesaid note, and that on November 13, 1920, the defendant, Abraham, executed and delivered to the First Farmers Bank of Minot his promissory note in the sum of $478.45, payable November 1, 1921, in renewal of the principal and interest due upon the first promissory note. The complaint further alleges, "That to secure the payment of the first above described promissory note, and of the renewal note, the defendant, Albert Abraham, on the 13th day of September, 1919, pledged and delivered to the plaintiff by an instrument in writing, fifteen shares of stock in the Savings, Loan & Trust Company, of Minot, North Dakota, being stock certificate No. 839A, of the said Savings, Loan & Trust Company." To this complaint the defendant interposed an answer wherein he admits the corporate existence of the First Farmers Bank of Minot and that the plaintiff, Baird, is the duly appointed and qualified receiver thereof. The defendant further admits the execution and delivery of the two promissory notes described in the complaint. The answer alleges that the note in suit was given duly to the Savings, Loan & Trust Company for capital stock in said corporation and that it was executed and delivered upon representations made by the said Savings, Loan & Trust Company and the said First Farmers Bank of Minot that the said Savings, Loan & Trust Company was a solvent, dividend paying company, which had paid an annual dividend to its stockholders at the rate of 12 per cent; that said stock was of the value of $150 per share. The answer further alleges that all of these representations were false; that in truth and in fact said Savings, Loan & Trust Company was insolvent, it's stock wholly worthless and that it had never paid a dividend. It is further alleged that the note in suit was and is wholly without consideration and that no stock certificate was ever executed or delivered to the defendant; and that he never received any of the capital stock of said corporation. To this answer the plaintiff interposed to reply denying generally the new matter alleged in the answer, and alleging further that the defendant became a stockholder in the Savings, Loan & Trust Company on August 8, 1919, or at some date prior thereto; that the First Farmers Bank of Minot became insolvent and went into the hands of a receiver on April 20, 1921; that interim, the time the de-

fendant became a stockholder and the closing of the Bank, and while the note in suit remained a part of the apparent assets of the Bank, large sums of money had been deposited in the First Farmers Bank of Minot.

The case was tried to the court, without a jury, upon the issues thus framed. The trial court made findings of fact in favor of the defendant upon all the issues, and ordered judgment accordingly; and the plaintiff has appealed from the judgment so entered.

It is well settled that cases like this,—that is, cases which are properly triable to a jury but tried to the court without a jury,—are not triable anew in the supreme court. The findings of the trial court come here with all the presumptions in favor of their correctness and with the burden resting upon the party alleging error of demonstrating the existence of such error, and he must be able to show that such findings are against the preponderance of the evidence; and findings based upon parol evidence will not be disturbed unless clearly and unquestionably opposed to the evidence. State Bank v. Maier, 34 N. D. 259, 158 N. W. 346. The facts in this case are largely undisputed. It is undisputed that the note was given as a part of the transaction wherein the defendant, Abraham, agreed to purchase some capital stock in the Savings, Loan & Trust Company of Minot; that in payment of this stock he transferred Liberty bonds of the par value of $250.00, and conveyed a house and lot in the town of Douglas, in Ward county, and also executed and delivered the note in suit. The person who sold the stock to the defendant was one Amick, and the Liberty bonds and the note in suit were delivered to him. There is evidence to the effect that on September 13, 1919, the defendant, Abraham, executed a written assignment whereby he assigned the capital stock in the Savings, Loan & Trust Company to the First Farmers Bank of Minot as collateral security for the note in suit. The evidence does not show that the stock certificate was ever actually delivered to the defendant; and his testimony is to the effect that he never received it. There is some testimony to the effect that defendant received notice of a meeting of stockholders and that he came to the office of the company pursuant to the notice; but the evidence does not establish that he participated in the meeting. There is evidence to the effect that representations were made by Amick at the time the stock was sold as to its value and the

rate of dividend payable thereon; and the undisputed evidence is to the effect that no dividends were paid. There is no evidence showing whether the First Farmers Bank of Minot gave any consideration whatever for the note; the only evidence of such consideration are the recitals in the note itself.—that it was executed for value. The trial court found that the officers of the Savings, Loan & Trust Company and the First Farmers Bank of Minot were the same persons and that the business of both of these institutions was conducted by the same officers; that the note in suit was executed and delivered as and for the purchase price of capital stock in the Savings, Loan & Trust Company; that in order to induce the defendant to execute the promissory note in suit, to-wit, the note dated August 16, 1919, the said Savings, Loan & Trust Company and the said First Farmers Bank of Minot represented to the defendant that the said Savings, Loan & Trust Company was a solvent corporation whose capital stock was worth $150 per share; that said corporation had, for several years immediately prior thereto, paid dividends on its capital stock at the rate of 20 per cent per annum; that the defendant purchased said stock and executed his said note and, later gave the renewal note, in full reliance upon the representations so made. That said representations were false, and were made with full knowledge of the falsity thereof and with a fraudulent intention and purpose to induce defendant to purchase the stock. That in truth and in fact the said Savings, Loan & Trust Company was insolvent and its stock worthless and that the capital stock thereof was not a dividend paying stock and that, in truth and in fact, no dividend had ever been paid thereon. The trial court further found that the capital stock, for which the note was given, was never delivered to the defendant; and that the defendant did not discover the fraud and deceit of the Savings, Loan & Trust Company and the said First Farmers Bank of Minot until after the service of the summons and complaint in this action; that he had no way of discovering such fraud prior to such time, and that until such discovery of said fraud, the defendant relied upon all of the said representations.

After careful consideration of all the evidence adduced upon the trial, we are of the opinion that these findings have substantial support in the evidence and are not contrary to the preponderance thereof. It

follows that the judgment appealed from must be affirmed. It is so ordered.

BIRDZELL, Ch. J., and NUESSLE and BURKE, JJ., and PUGH, Dist. J., concur.

BURR, J., being disqualified, did not participate, HONORABLE THOMAS H. PUGH, Judge of the Sixth Judicial District, sitting in his stead.