THE GLOBE INTERNATIONAL PROTECTIVE BUREAU, a Corporation, Appellant, v. EUGENE FITZGERALD, Respondent.

(220 N. W. 621.)

124

Opinion filed June 30, 1928. Rehearing denied July 28, 1928.

*William Maloney,* for appellant.
*Conmy, Soule & Pierce,* for respondent.

CHRISTIANSON, J.   Plaintiff brought this action in a justice's court in Cass county to recover $30.50 and interest from November 26, 1926, the alleged balance due upon an account for certain merchandise purchased by the defendant from the Community Men's Shop.   The Community Men's Shop is a clothing store in Fargo owned and operated by a copartnership consisting of one Klindworth and one Hagen.   The plaintiff claimed that it purchased the account on December 13, 1926; that the account was assigned to it on that day and that since then it has been the owner thereof.   The defendant admitted that he had purchased the goods from the Community Men's Shop and was originally indebted for the amount claimed, but he denies that plaintiff owns the account and claims that he had paid the account in full to one McFadden, an assignee of the Community Men's Shop before he (defendant) had any knowledge or notice of plaintiff's alleged claim of ownership.

The evidence shows that on or about December 13, 1926, the account was assigned to the plaintiff by written assignment by Klindworth. The evidence further shows that the other member of the partnership, Hagen, assigned the account to a party to whom the partnership was indebted for rent; and the undisputed evidence shows that the plaintiff paid the account to the latter assignee before the commencement of the action. The determinative question is whether at the time defendant made such payment he had any notice or knowledge of the assignment to the plaintiff. If he had no such notice or knowledge, then we are not concerned with the question of priority of the assignments. Comp. Laws 1913, § 7396; 5 C. J. p. 978. According to the testimony of the defendant he had no notice or knowledge of the alleged assignment to the plaintiff or of plaintiff's claim of ownership. The only notice or knowledge defendant had was that plaintiff had the account for collection. Defendant's testimony is contradicted by one Colahan, a collector for the plaintiff. Colahan testified that on and prior to February 4, 1927, he informed the defendant that the plaintiff was the owner of the account and that the account had been assigned to it. Colahan's testimony, however, was flatly contradicted by the defendant and it was to some extent contradicted by the justice of the peace before whom the action was tried. The justice of the peace testified that upon the trial in the justice's court, Colahan's testimony was to the effect that he had notified the plaintiff that the account was held for collection; and that Colahan did not testify that he had notified defendant that the account had been assigned to the plaintiff. Plaintiff also offered and the court admitted in evidence a paper denominated "demand before garnishment" together with the affidavit of service of such paper. The affidavit of service was made by plaintiff's collector, Colahan, and was to the effect that he had served such "demand before garnishment" upon the defendant and upon the defendant's employer, the Forum Publishing Company, on February 4, 1927. It may be mentioned in passing that the "demand before garnishment" made no reference to the claim on which it was stated suit would be instituted. The defendant testified positively that the "demand before garnishment" was not served upon him on the date stated in Colahan's affidavit and that such demand was not served until February 8, 1927, and after he had paid the claim to the assignee claiming

under the assignment executed by Hagen. It seems to be the contention of the plaintiff that this affidavit has all the characteristics of a judicial record and that the statements therein are conclusive upon the defendant. This contention is so obviously without merit as to require no extended discussion.

In this case there was no judgment. There was not even an action. There was merely a demand signed by the attorney for the Globe International Protective Bureau. Obviously the recitals in the affidavit of Colahan as regards the service of such demand upon the defendant were not conclusive upon the defendant. In fact it is difficult to see on what theory the affidavit was admissible on behalf of the plaintiff at all. The only purpose it could serve was to corroborate the testimony of Colahan. We are wholly agreed that if any error was made as regards rulings on evidence relating to the service of the demand before garnishment, the error was in admitting the affidavit in evidence at all. In a word, the error, if any, was against the defendant and not against the plaintiff. In any event the affidavit was not conclusive against the defendant upon the facts therein stated. It was offered for the purpose of showing that the defendant had been notified that the claim had been assigned to the plaintiff before the defendant made payment to a person holding an assignment thereof. As said, there is nothing in the demand identifying the claim involved; but in any event it was clearly competent for the defendant to rebut whatever showing was made by adducing proof to the effect that the notice had not been served at the time stated by Colahan.

The justice of the peace before whom the action was tried determined that the defendant had paid the account without notice of the alleged claim of ownership by the plaintiff. The county court, after an extended trial, wherein witnesses were examined at length, made extended findings upon the various questions involved and found to the same effect. Under well settled rules these findings of the trial court are presumed to be correct and will not be disturbed unless shown by the appellant to be clearly and unquestionably opposed to the preponderance of the evidence. State Bank v. Maier, 34 N. D. 259, 158 N. W. 346; Baird v. Abraham, 55 N. D. 348, 351, 213 N. W. 733. We are entirely satisfied that in this case the appellant has wholly failed to sustain such burden. Upon the record before us the judgment appealed from is correct and must be affirmed. It is so ordered.

NUESSLE, Ch. J., and BIRDZELL, BURKE, and BURR, JJ., concur.

## On Petition for Rehearing.

CHRISTIANSON, J. Plaintiff has petitioned for a rehearing. The petition is in effect a reargument of the question whether the defendant at the time he paid the claim to the party claiming under the assignment executed by Hagen had any notice or knowledge of the alleged assignment of the claim to the plaintiff by Klindworth. In this connection attention is called to a letter written by the defendant to the plaintiff dated February 5, 1927, wherein defendant states that he has on that day "deposited in the Security National Bank of Fargo, the sum of $27.50, the amount due for payment of goods received from the Community Men's Shop of Fargo." He further states that the plaintiff and McFadden lay joint claim to this amount and that "proper disposition will be made by the bank as you present your claim to them." It is contended that this letter constitutes an admission on the part of the defendant that he had knowledge of plaintiff's ownership of the account. As stated in the former opinion defendant testified positively that he did not know that plaintiff claimed to own the account or to hold an assignment thereof at all; that the only knowledge he had was that the plaintiff claimed to be holding the account for collection. Defendant consistently adhered to this position after the letter had been offered and received in evidence and when he was interrogated upon that particular subject in connection with the statements in the letter. Plaintiff apparently placed great reliance upon the letter and the trial court, of course, considered the letter as well as the oral testimony of the defendant and all the other evidence in the case and arrived at the conclusion that the defendant did not have any knowledge or notice of the assignment to the plaintiff. In our former opinion we considered all the evidence in the case including this letter and after such consideration we were of the opinion that the presumption of correctness which accompanies the findings of the trial court on appeal to this court had not been overcome. A reconsideration of the question in light of the petition for rehearing in no manner alters that view. The petition for rehearing is denied.

NUESSLE, Ch. J., and BURR, BURKE, and BIRDZELL, JJ., concur.